UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH A. KRAUSE,

    Plaintiff,

v.                                                                       Case No. 8:19-cv-1092-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

    Before the Court is the *Plaintiff's Consent Petition for Attorney Fees* pursuant to 42 U.S.C. § 406(b). (Doc. 22). For the reasons discussed below, the Plaintiff's motion is granted.

I.

    The Plaintiff initiated this action in May 2019, seeking judicial review of the Commissioner's decision terminating his Social Security Disability Insurance benefits. (Doc. 1). After the Plaintiff submitted his portion of the joint memorandum to the Commissioner, the Commissioner moved for the entry of a judgment in the Plaintiff's favor and requested the case be remanded pursuant to

sentence four of 42 U.S.C. § 405(g).  (Doc. 17).  The Court granted that motion (Doc. 18), and the Clerk of Court entered Judgment for the Plaintiff the same day (Doc. 19).  Roughly six weeks later, the Plaintiff sought and received $7,064.77 in attorneys' fees and $440 in costs under the Equal Access to Justice Act (EAJA).  (Doc. 21).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits.  (Doc. 22-2).  According to the award letter, dated February 16, 2021, the Social Security Administration (SSA) has withheld $37,745.12 of this past-due amount for a possible future award of attorneys' fees.  *Id.* at 4.  This $37,745.12 figure equates to 25% of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards.

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b)(1) approving fees in the amount of $37,745.12, which is the stipulated sum in his contingency fee agreement with his lawyers.  (Doc. 22 at 4; Doc. 22-1).  The Plaintiff represents that his attorneys are aware of their obligation to refund to him the previous EAJA fee award of $7,064.77 in the event the Court grants his motion.  (Doc. 22 at 4).  The Plaintiff also states that the Commissioner consents to the sought-after fee award.

II.

Section 406(b) of Title 42, United States Code, governs the authorization of attorney's fees in Social Security cases where, as here, a district court remands the case to the Commissioner for further proceedings, and the Commissioner subsequently grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam).[2] Under such circumstances, the claimant may return to the district court—as the Plaintiff has done here—and seek fees not exceeding 25% of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

The fee amount authorized, however, must be reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure that this is the case, section 406(b) mandates that courts conduct an independent review of counsels' fee arrangements with their clients. *Gisbrecht*, 535 U.S. at 807. As part of their oversight role, courts may direct that an attorney provide "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."

---

[2] The requirement under Federal Rule of Civil Procedure 54(d)(2) that fee petitions be filed no later than fourteen days after the entry of judgment applies to fees motions brought pursuant to section 406(b). *See Bergen*, 454 F.3d at 1277. Given the difficulty, however, of integrating Rule 54(d)(2)'s fourteen-day requirement into the procedural framework of a section 406 fee award, this District has a Standing Order, which provides that motions for attorney's fees under section 406(b) be submitted no later than thirty days after the date of the Social Security letter sent to plaintiff's counsel of record at the conclusion of the SSA's past-due benefit calculation. *See In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22.

*Id.* at 808. Courts may also require that the authorized fee amount be offset by any previous fee award or by any fees due counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming attorney's fees under both the EAJA and section 406 must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Counsel may do so either by deducting an earlier EAJA award from a subsequent section 406(b) award, or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson,* 601 F.3d at 1274.

In this case, the Plaintiff's requested fee award of $37,745.12 is based on 34.3 hours spent by his attorneys on this appeal between 2019 and 2020. (Doc. 31-3). This monetary sum for the work performed before the Court is consistent with the Plaintiff's contingency fee agreement (Doc. 22-2), as it equates to 25% of the total past-due benefits granted the Plaintiff (Doc. 22-1). In light of these facts, as well as the nature of the legal services rendered, the positive results achieved, and the Commissioner's consent to the sought-after fee amount, the Court finds that the requested fees are reasonable.

III.

Accordingly, for the reasons stated above, it is hereby ORDERED:

1. The *Plaintiff's Consent Petition for Attorney Fees* (Doc. 22) is granted, and

the Plaintiff is awarded attorneys' fees in the amount of $37,745.12 pursuant to 42 U.S.C. § 406(b). This figure shall be paid to Plaintiff's counsel from the past-due benefits currently being withheld by the Commissioner.

    2.    Upon receipt of these funds, Plaintiff's counsel shall promptly refund to the Plaintiff the previously awarded EAJA fee of $7,064.77.

    3.    This action is closed and shall remain closed.

DONE and ORDERED in Tampa, Florida, this 21st day of April 2021.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record